AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
12/12/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ____KM____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
December 12, 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ____CLD____ DEPUTY

UNITED STATES OF AMERICA

PLAINTIFF,

V.

JOSE LUIS MORENO-SOTO,

DEFENDANT.

Case No.   2:25-MJ-07748-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Robert Flores, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about November 21, 2025, in the county of Los Angeles, in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Robert Flores
Complainant's signature

Robert Flores, Deportation Officer/DHS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: December 12, 2025

Judge's signature

City and state: Los Angeles, California

Hon. Jacqueline Chooljian, U.S. Magistrate Judge
*Printed name and title*

AUSA: <u>MIRELLE RAZA x6058</u>

**AFFIDAVIT**

I, Robert Flores, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Jose Luis Moreno-Soto, ("defendant"), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF DEPORTATION OFFICER ROBERT FLORES

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since October of 2019. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. TRAINING AND EXPERIENCE REGARDING FINGERPRINTS AND DHS DATABASES

4. Based on my training and experience and communication with DHS employees, I know the following:

    a. Every person has a unique set of fingerprints. I also know that unique identification numbers -- including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigations ("FBI") numbers -- can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and other government agencies utilize FINS and FBI numbers to associate unique fingerprint records and information to a specific individual.

    b. Moreover, when a person is fingerprinted by DHS agencies, such as ICE (formerly the Immigration and Naturalization Service), those unique fingerprint identifiers are associated with an individual's unique alien number ("A-number") and alien file ("A-file"). An A-file typically contains official documentation regarding a person's deportation or removal history as well as alienage. That A-file is maintained in DHS custody, and documents and information from that A-file are uploaded to official DHS databases that can be accessed to determine, among other things, whether a person has been removed or deported from the United States, whether that person is a foreign national, and whether that person has been

lawfully admitted into the United States, pursuant to, for example, a non-immigrant visa.

      c.    Generally, after an arrest for a criminal offense, a person's biometric fingerprint information is obtained and enrolled into a nationwide repository for criminal history records as part of a normal booking process.  That information is then associated with a unique identification number for the person's fingerprints, typically the FBI number, which is searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with an A-file and A-number.  A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

## IV. STATEMENT OF PROBABLE CAUSE

5.    On or about November 21, 2025, the ICE Pacific Enforcement Response Center ("PERC") -- an ICE center responsible for vetting and researching the arrests of suspected foreign nationals -- received an electronic notification based on biometric fingerprint information that the Los Angeles Sheriff's Department ("LASD") arrested defendant on November 21, 2025, for driving under the influence of alcohol, in violation of California Vehicle Code Section 23152(a).  On or about November 21, 2025, the PERC lodged an immigration detainer for defendant.

6. I compared a unique fingerprint identifier from the arrest referenced above against those contained in the immigration and removal records retained for defendant in DHS indices. I have determined that these unique fingerprint identifiers are the same and therefore believe that both sets of records reference defendant, a previously removed alien.

7. On or about December 10, 2025, I obtained and reviewed a DHS A-file corresponding with the A-number 200-601-089, which is maintained for the subject alien "Moreno Soto, Jose Luis," the defendant. The A-file contained the following documents and information:

    a. I compared a unique fingerprint identifier within the A-file with the LASD arrest and the immigration and removal records retained for defendant in DHS indices. I have determined that the unique fingerprint identifiers were the same.

    b. I also compared photographs of the subject alien to whom the A-file corresponds to with defendant's booking photograph from the SGPD arrest and believe them to be the same person.

    c. I learned the following about defendant's immigration history from his A-file and DHS indices:

        i. Defendant is a citizen and national of Mexico.

        ii. On or about February 9, 2010, defendant was ordered removed from the United States to Mexico.

    iii. On or about February 9, 2010, defendant was physically removed from the United States to Mexico.

    iv. On or about February 22, 2011, defendant was physically removed from the United States to Mexico, after being arrested at the border, and having his February 2010 removal order reinstated.

    v. On or about June 13, 2015, defendant was physically removed from the United States to Mexico, after being arrested at the border, and having his February 2010 removal order reinstated.

  8. On or about December 10, 2025, I reviewed the printouts of ICE computer indices on defendant. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that defendant had been removed, deported, or returned on the dates listed above.

  9. There is no record of any application nor permission from the Secretary of Homeland Security or the U.S. Attorney General to re-enter the United States since defendant's most recent removal. Based upon my training and experience, as well as the training and experience of other law enforcement personnel involved in this investigation, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed.

## V. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 12th day of December 2025.

_____
HON. JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE